IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                                    CASE NO. 14-04931 (ESL)

FELICIANO GONZALEZ                                        CHAPTER 11
CONSTRUCTION, INC.

    Debtor

OPINION AND ORDER

This case is before the court upon the bankruptcy petition filed by the Debtor *pro se* on January 17, 2014 (Docket No. 1). The Debtor is a Puerto Rico corporation dedicated to construction and claims to be a small business debtor as defined in 11 U.S.C. § 101(51D). Id.

A corporation cannot appear in a bankruptcy proceeding except through a licensed attorney. See In re Las Colinas Development Corp., 585 F.2d 7, 11 (1st Cir. 1978). The rule is well established and supported by a long history of case law across the circuits and in the Supreme Court. See In re Victor Publishers, Inc., 545 F.2d 285, 286 (1st Cir. 1976), citing Commercial & Railroad Bank v. Slocomb, 14 Pet. 60, 65, 39 U.S. 60, 65, 10 L. Ed. 354 (1840); Osborn v. Bank of United States, 9 Wheat. 738, 830, 22 U.S. 738, 830, 6 L. Ed. 204 (1824); United States v. 9.19 Acres of Land, 416 F.2d 1244 (6th Cir. 1969); Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426 (2nd Cir. 1967); Simbraw, Inc. v. United States, 367 F.2d 373 (3rd Cir. 1966); Flora Construction Co. v. Fireman's Fund Insurance Co., 307 F.2d 413, 414 (10th Cir. 1962), cert. denied 371 U.S. 950, 83 S. Ct. 505, 9 L. Ed. 2d 499 (1963); James v. Daley & Lewis, 406 F. Supp. 645, 648 (D. Del. 1976); Turner v. American Bar Ass'n, 407 F. Supp. 451, 476-77 (N.D. Tex. 1975); MacNeil v. Hearst Corp., 160 F. Supp. 157, 159 (D. Del. 1958). Also see Rowland v. California Men's Colony, 506 U.S. 194, 201-202, 121 L. Ed. 2d 656, 113 S. Ct. 716 (1993) ("it has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel.") This rule that a corporation may be represented only by licensed counsel is based not just on a tradition that goes back to the common law, Brandstein v. White Lamps, Inc., 20 F. Supp. 369 (S.D.N.Y.

-1-

1937), but also on the practical consideration that attorneys at law duly admitted to practice are officers of the court and subject to its control. See In re Victor Publishers, Inc., 545 F.2d at 286. Also see Appearance of Corporations Without Attorney, 7 Brooklyn L. Rev. 371 (1938); Right to Appear in Proper Person in the Federal Courts, 38 N.Y.U.L. Rev. 753 (1963); May a Corporation Act as its Own Attorney?, 16 Clev. Mar. L. Rev. 173 (1967).

In Puerto Rico, LBR 9010-1(c)(1) and (2) requires as follows:

**(1) Counsel Required/*Pro Se* Appearance.** All persons, other than an individual representing himself, must be represented by counsel in proceedings before this court. Any individual representing himself without an attorney must appear personally for all purposes. Any individual appearing without an attorney is required to comply with these LBRs, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Federal Rules of Evidence.

**(2) Corporations, Unincorporated Associations, Partnerships, and Trusts.** Notwithstanding subsection (c)(1) of this LBR, a corporation, unincorporated associations, partnership, or trust may file a proof of claim. Otherwise, these entities may appear only through counsel.

Likewise, in Puerto Rico, corporations are not allowed to appear *pro se* in judicial proceedings and can only do so through a licensed attorney. See Benito Muñoz Inc. v. Productora Puertorriqueña de Alimentos, Inc., 109 D.P.R. 825, 828-829, 9 P.R. Off. Trans. 1109, 1114-1116 (1980) ("In short, we deem that a certain stability in the social responsibility of the corporate entity may only be achieved through authorized attorneys and through the ethical behavior required of them").

In view of the foregoing, the Debtor is hereby ordered to show cause within 14 days why the case should not be dismissed.

SO ORDERED.

In San Juan, Puerto Rico, this 19th day of June, 2014.

Enrique S. Lamoutte
United States Bankruptcy Judge

-2-